# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LING YUAN HU, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 10-1939 (RMC) |
| GEORGE WASHINGTON UNIVERSITY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Defendant George Washington University ("GW") seeks to dismiss the Complaint of Plaintiff Ling Yuan Hu for her failure to bring this suit within the applicable statutes of limitations. See Def. Mot. to Dismiss [Dkt. # 5]. Plaintiff alleges six counts against Defendant: (1) common law fraud; (2) common law spoliation of evidence; (3) discrimination against "English as a Second Language" ("ESL") students; (4) common law defamation; (5) common law misrepresentation; and (6) breach of a fiduciary duty. See generally Compl [Dkt. # 1-1]. Plaintiff argues several theories that posit the statutes of limitations for each claim have not yet expired. The Court is not persuaded. Because each of the alleged violations was known to Plaintiff in 2006, when they allegedly occurred, the statutes of limitations began to run at that time and each has conclusively run. Plaintiff's lawsuit is too late, whatever other merits it might or might not have, so the Court will dismiss the Complaint in whole.

## I. FACTS

In 2003, Plaintiff started taking courses at GW in a teacher preparation program, and subsequently received her teacher's license in 2004. Compl. ¶¶ 5–6. While serving as a full-

time high school mathematics teacher, Plaintiff took additional classes at GW toward a masters' degree in secondary education. *Id*. ¶ 6. Professor Curtis Pyke was Plaintiff's faculty adviser until Spring of 2006, when Professor Pyke went on sabbatical leave. *Id*. ¶ 7. Plaintiff submitted a transfer request to Professor Pyke for six graduate-level mathematics credits that she received for courses taken at the University of Maryland. *Id*. ¶ 8. Plaintiff alleges that she was led to believe by Professor Pyke that the transfer approval was going smoothly. *Id*. Plaintiff's academics were also purportedly going well under Professor Pyke until his sabbatical in Spring 2006, at which time GW hired a substitute professor, Professor Kathleen Clark. *Id*. ¶ 7. Professor Clark harshly criticized Plaintiff's writing style, format, wording, and grammar in her assignments; required her to rewrite all of submitted assignments; and generally had substantive issues with Plaintiff as a student. Compl. ¶¶ 20–24.

Plaintiff was approved to participate in the final comprehensive exam in May 2006, but was unable to finish the exam within the allotted two hours because of language difficulties. *Id*. ¶ 9. Due to this language barrier, Plaintiff requested that she be able to finish the exam in excess of the two allotted hours or take an oral exam in its place. *Id*. At that point, Professor Clark charged Plaintiff with plagiarism. *Id*. Plaintiff denied the charge. *Id*. A hearing was scheduled regarding the plagiarism charge but was canceled, and a "hold" was placed on Plaintiff's records for the next semester. *Id*. ¶ 10. Plaintiff alleges that the director of the office of academic integrity, Timothy Terpstra, failed to tell her the full contents of her alleged misconduct and repeatedly pressured her to plead guilty to plagiarism. *Id*. ¶ 10.

On July 7, 2006, Plaintiff received an e-mail from GW stating that she had not been eligible for Spring 2006 graduation because certain requirements had not been met: (1) she failed

2

her comprehensive exam; (2) she was missing Praxis II scores;[1] and (3) she was missing six elective credits. *Id*. ¶ 11

Two years later, in January 2009, Plaintiff pursued theses issues with GW, complaining about Professor Clark and Mr. Terpstra, mostly concerning the plagiarism charge and the way in which the comprehensive exam was conducted. Pl.'s Opp'n to Def.'s Motion to Dismiss ("Opp'n") [Dkt. # 6] at 8; Ex 1, 3–5. The Associate Dean of Academic Affairs responded to Plaintiff's complaint in February 2009, explaining the requirements to be readmitted into the graduate program, including addressing the outstanding academic integrity (plagiarism) charge and the requirement of six elective credits to finish her degree. *Id.*, Ex. 1 at 1–2. Plaintiff did not respond to this letter. Plaintiff left the United States for Taiwan in March 2009 and reamained out of the country until October 2010. Pl.'s Reply in Support of its Opp'n ("Pl. Reply") [Dkt. #9] at 4.

On October 25, 2010, Plaintiff filed suit in the Superior Court of the District of Columbia. On November 12, 2010, Defendant removed this action to federal court because Count 3 alleges discrimination under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 701 *et seq*,[2] and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.,[3]

---

[1] "The Praxis Series tests are currently required for teacher licensure in approximately 40 states and U.S. territories. These tests are also used by several professional licensing agencies and by several hundred colleges and universities. Since *The Praxis Series* tests are used to license teachers in many states, teacher candidates can test in one state and submit their scores for licensure in any other *Praxis*™ user state." http://www.ets.org/praxis/faq_test_takers (last visited March 3, 2011).

[2] Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, as defined in section 29 U.S.C. § 705(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance," including "a college, university, or other post secondary institution." 29 U.S.C. §§ 794(a), (B)(2)(A); *see, e.g.*, *Doe v. Southeastern University*, 732 F. Supp. 7 (D.D.C. 1990); *Long v. Howard Univ.*, 512 F.

3

both federal statutes.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. An affirmative defense that claims are barred by the statute of limitations may be asserted in a Rule 12(b)(6) motion "when the facts that give rise to the defense are clear from the face of the complaint." *Smith-Haynie v. District of Columbia,* 155 F.3d 575, 578 (D.C. Cir. 1998). A court may only rule on a statute of limitations defense when the face of the complaint conclusively indicates it is time-barred. *See Performance Contracting, Inc. v. Rapid Response Constr., Inc.,* 267 F.R.D. 422, 425 (D.D.C. 2010) (citing *Smith-Haynie,* 155 F.3d at 578); *Lewis v. Bayh,* 577 F. Supp. 2d 47, 51 (D.D.C. 2008); *Turner v. Afro-American Newspaper Co.,* 572 F. Supp. 2d 71, 72 (D.D.C. 2008).

### B. Statutes of Limitations

D.C. Code § 12-301 (2011) outlines the statutory time limitations for bringing all types of actions within the District of Columbia. While delineating particular limitations for specific actions, it also contains a catch-all provision, that sets a statute of limitations of three years

---

Supp. 2d 1 (D.D.C. 2007).

[3] The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," 42 U.S.C. § 12182(a), which includes "all postgraduate private school[s], or other place[s] of education." 42 U.S.C. § 12181(7)(J). Discrimination on the basis of disability includes the failure to provide reasonable modifications "when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

4

for those causes of action "for which a limitation is not otherwise limited." D.C. Code § 12-301.

"The statute of limitations for a defamation claim in the District of Columbia is one year." *Mullin v. Washington Free Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001); *see* D.C. Code § 12-301 (4) (setting statute of limitations at one year "for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment"). Claims of fraud, misrepresentation, and breach of fiduciary duty fall within the three-year statute of limitations "catch-all" provision. *See Dubois v. Wash. Mut. Bank*, Civ. No. 09-2176, 2010 U.S. Dist. LEXIS 91855, *10–11 (D.D.C. Sept. 2, 2010). A claim of common law spoliation of evidence,"for which a limitation is not otherwise specially prescribed" under D.C. Code § 12-301, also falls within the three-year statute of limitations "catch-all" provision. *See* D.C. Code § 12-301 (8). "The Rehabilitation Act does not contain its own statute of limitations, and therefore the period to be applied must be drawn from the appropriate state statute," which in this case is D.C. Code § 12-301(8), which states it is three years. *Doe v. Southeastern University*, 732 F. Supp. 7, 8–9 (D.D.C. 1990).

The ADA requires exhaustion of administrative remedies by filing an administrative charge with the EEOC within 180 days of the alleged discriminatory action, unless the plaintiff has first filed administartive proceedings with a state or local agency, in which case the limitations period is extended to a maximum of 300 days. *Gupta v. Northrop Grumman Corp.*, 462 F. Supp. 2d 56, 58 (D.D.C. 2006); 42 U.S.C. § 2000e-5(e).

### III. ANALYSIS

Statutes of limitations begin to run "from the time the right to maintain the action accrues." D.C. Code § 12-301. The District of Columbia applies the "discovery rule" to determine

5

when a tort action accrues, whereby an action accrues when a plaintiff has knowledge of, or through the exercise of reasonable diligence should have knowledge of "(1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *See Goldman v. Bequai*, 19 F.3d 666, 671–72 (D.C. Cir. 1994) (citation omitted). Similarly, "[t]he statute of limitations for ADA claims begins to run at the time when plaintiff knew or had reason to know of the injury that serves as the basis of the claim." *Gupta*, 462 F. Supp. 2d at 58. In this case, Plaintiff knew or had to reason to know of each of the alleged violations of her rights in 2006, and failed to institute suit until 2010.

### A. Count 1 - Common Law Fraud

As noted above, a claim of fraud must be brought within three years of when a plaintiff knows or through the exercise of due diligence should have known the fraud occurred. *See Dubois*, 2010 U.S. Dist. LEXIS 91855, *10–11 (citing *C&E Servs., Inc. v. Ashland, Inc.*, 498 F. Supp. 2d 242, 261 (D.D.C. 2007)). Plaintiff's claim of common law fraud is premised upon GW's alleged (1) refusing to award her six credit-hours from the University of Maryland, which were required for her program completion; and (2) pressuring her to plead guilty to plagiarism. As stated by Plaintiff: "GW officials were intended [sic] to keep the plaintiff from graduating, and to push her to plead guilty on the fake 'plagiarism' charge. That is fraud behavior in a fiduciary relationship." Compl. ¶ 17. Plaintiff, however, was aware of this alleged wrong, its source, and the relevant evidence at the time of the event: "the admission office notified the plaintiff on July 5, 2006 that she was still missing 6 credits plus the Praxis II testing score, right after . . . [Mr.] Terpstra cancelled their scheduled hearing on June 27." Compl. ¶ 17. Plaintiff thus acknowledges that she was aware of the full facts of this alleged fraud in the summer of 2006. *Id*. To be timely

she had to bring a lawsuit within three years of that knowledge. Plaintiff filed suit in October of 2010, well past this three-year requirement. As such, Plaintiff's count of fraud is time-barred.

### B. Count 2 - Common Law Spoliation of Evidences

As noted above, a claim of spoliation of evidence must be brought within three years of when a plaintiff knows or through the exercise of due diligence should have known the spoliation of evidence occurred. *See* D.C. Code § 12-301(8). As stated by Plaintiff: "on July 5th, 2006 the admission office of GSEHD ["Graduate School of Education and Human Development"] lied to her that she still missed 6 credits and the Praxis score. Furthermore, the academic integrity office director put a 'hold' to all of her school records. These series of moves prove that GW had destroyed the evidences from the plaintiff's files . . ." Compl. ¶ 19. Because this "series of moves" provide the basis for Plaintiff's claim of spoliation of evidence, and because Plaintiff acknowledges that she was aware of this "series of moves" through the letter sent to her on July 5th, 2006, Plaintiff had to bring a lawsuit within three years of that date. She did not and her allegation of spoliation of evidence is time-barred.

### C. Count 3 - Discrimination Related to ESL Students

Plaintiff invokes the Rehabilitation Act and the ADA to allege discrimination based upon GW's failure to accommodate Plaintiff as a non-native English speaker. A claim of a violation of the Rehabilitation Act must be brought within three years, *see Doe*, 732 F. Supp. at 8–9, and a claim of a violation of the ADA must be brought within 180 days, or 300 days if an administrative proceeding was initiated at a state or local organization, *see Gupta*, 462 F. Supp. 2d at 58. Specifically, Plaintiff claims discrimination when Professor Clark did not accommodate her language difficulties in her assignments and in taking her final comprehensive exam. Compl.

7

¶¶ 20–21. Plaintiff readily admits that she requested an accommodation but was refused. Compl.
¶¶ 9, 21. Clearly, Plaintiff was on notice, as of July 7, 2006, that she could not graduate because, amongst other reasons, she had failed the comprehensive exam for which she had unsuccessfully requested an accommodation. On that date, the alleged discriminatory conduct by Professor Clark was known to Plaintiff, so she would have been required to initiate administrative proceedings within either 180 or 300 days for the ADA claim, and initiate a lawsuit within three years for the Rehabilitation Act claim. She did not, and thus Plaintiff's count of discrimination as an ESL student is time-barred.

### D. Count 4 - Common Law Defamation

As noted above, in the District of Columbia a claim of common law defamation must be brought within one year of when a plaintiff knows or through the exercise of due diligence should have known the defamation occurred. *See Mullin*, 785 A.2d at 298. Plaintiff's claim of defamation results from the academic problems she alleges stemmed from Professor Clark, culminating in a charge of plagiarism against her by the Professor. *See* Compl. §§ 22–25. Plaintiff concedes throughout her complaint that she was aware of the actions of Professor Clark, was aware of the plagiarism charge, and characterized her Spring semester under Professor Clark as a "series of defamations." Compl. ¶ 25. Because this "series of defamations" are described as occurring in Spring 2006, Plaintiff was obligated to sue within one year of that time. She did not do so; thus, Plaintiff's count of defamation is time-barred.

### E. Count 5 - Common Law Misrepresentation

As noted above, a claim of common law misrepresentation must be brought within three years of when a plaintiff knows or through the exercise of due diligence should have known

the misrepresentation occurred. *See Dubois*, 2010 U.S. Dist. LEXIS 91855, *10–11 (citing *C&E Servs., Inc.*, 498 F. Supp. 2d at 261). Plaintiff's allegations of misrepresentation are based on (1) Professor Clark's allegedly requiring her to follow strict writing rules in assignments and allegedly misleading her into academic failure; (2) Professor Clark's alleged misrepresentation when Professor Clark failed to disclose the basis for her plagiarism charge; and (3) Mr. Terpstra's allegedly misleading Plaintiff into believing that the academic integrity panel would find her guilty of plagiarism, pressuring her to plead guilty to the plagiarism charge, and failing to explain the process of the academic integrity panel in assessing her plagiarism charge. Compl. ¶¶ 26–28. Because these alleged misrepresentations were known to Plaintiff at the time of each incident, *i.e.* she was fully aware of how Professor Clark and Mr. Terpstra acted during this period of time and deemed then it to be a violation of her rights, she needed to bring a suit within three years of 2006. She did not; thus Plaintiff's claim of misrepresentation is time-barred.

### F. Count 6 - Breach of a Fiduciary Duty

As noted above, a claim of breach of fiduciary duty must be brought within three years of when the plaintiff knows or through the exercise of due diligence should have known the this breach of a fiduciary duty occurred. *See Dubois*, 2010 U.S. Dist. LEXIS 91855, *10–11 (citing *Mawalla v. Hoffman*, 569 F. Supp. 2d 253, 257 (D.D.C. 2008)). Plaintiff's claim of breach of a fiduciary duty involves (1) Professor Clark's alleged breach of a duty to educate Plaintiff; (2) Professor Clark's alleged failure to provide a basis for her charge of plagiarism; and (3) GW's failure to investigate properly the false charge of plagiarism. Compl. ¶¶ 29–30. Without addressing the merits, all theses things were known to Plaintiff in 2006. Having failed to sue within three years, Plaintiff cannot do so now. Her claim is time-barred.

9

### G. Plaintiff's Arguments Against Statutes of Limitations

Plaintiff sets forth several arguments as to why her counts are not time-barred. Her general argument is that she was unaware of the depth of her injury until 2009, when she complained to GW about the plagiarism charge, Professor Clark and Mr. Tempstra. However, under the "discovery rule," a plaintiff does not have "carte blanche to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm." *Hendel v. World Plan Executive Council*, 705 A.2d 656, 661 (D.C. 1997). "Indeed, a right of action may accrue before the plaintiff becomes aware of all of the relevant facts. 'It is not necessary that all or even the greater part of the damages . . . occur before the [right] of action arises.'" *Id.* (quoting *Knight v. Furlow*, 553 A.2d 1232, 1235 (D.C. 1989)). Thus, "[a]ny 'appreciable and actual harm flowing from the [defendant's] conduct' is sufficient." *Id.* (brackets in original). Therefore, the very fact that Plaintiff knew that she had been accused of plagiarism; that her records were placed on hold; that she had allegedly not been appropriately taught; that she was missing six credits for graduation; and that she had failed her comprehensive exam, due allegedly to Professor Clark's failure to accommodate her language barrier, establishes the requisite knowledge of the misconduct. And as noted above, Plaintiff also asserted "appreciable harm" in each one of these actions. The fact that she may have discovered additional harm later does not extend the statutes of limitations to that later harm. Further, claims that she only discovered the depth of the University's involvement, as opposed to Professor Clark and Mr. Terpstra alone, in these acts in 2009 is belied by the letter dated July 5, 2006, by which a different University official informed Plaintiff that she was not cleared for graduation because she was missing six credits and she had failed her comprehensive exam. GW has always been involved in

10

these actions.

Plaintiff also alleges that she was lulled into ignoring the statute of limitations. A defendant may not invoke the statute of limitations if it has affirmatively induced the other party into inaction, such that the statute of limitations would run during that period of inaction. *See Bailey v. Greenberg*, 516 A.2d 934, 937 (D.C. 1986) (citing *Hornblower v. George Washington University*, 31 App. D.C. 64 (1908)). Such is not this case. First, there simply is no evidence of inducement not to act, including the letter of February 23, 2009, which places the onus of acting with Plaintiff by directing her to resolve the academic integrity issue first before applying for readmission. *See* Opp'n, Ex. 1 at 1–2. This response to her complaining letter came quickly – within a month – and offered no inducement to not act; it merely made its position clear as to Plaintiff's status at GW. Second, Plaintiff admits that after receiving the letter, she was aware that GW "did not take responsibility," Compl. ¶ 30, for investigating her claims. As such, Plaintiff acknowledges that she was not lulled into inaction by GW, as she believed GW would do nothing: "GWU's attitudes to ignore its professor/administrator's fraud behaviors and to cover up the whole truth have seriously violated its fiduciary duty to the plaintiff." *Id*. Third, Plaintiff acknowledged that she failed to act because she moved back to Taiwan the next month, March 2009, not because of "lulling." Pl. Reply at 4.

Plaintiff also argues that she suffers from a continuing violation, so that there would be no statute of limitations. However, "[o]nce the plaintiff has been placed on notice of an injury and the role of the defendants' wrongful conduct in causing it, the policy disfavoring stale claims makes application of the 'continuous tort' doctrine inappropriate." *Hendel*, 705 A.2d at 667; *see also Beard v. Edmondson & Gallagher*, 790 A.2d 541, 548 (D.C. 2002).

> When the plaintiff is or should be aware that he or she is being injured by a continuing tort, the statute of limitations begins to run. The plaintiff then may recover only for injuries attributable to the part of the continuing tort that was committed within the limitations period immediately preceding the date on which suit is brought.

*Beard*, 790 A.2d at 548.[4] Plaintiff's injuries began the day she allegedly was defrauded from an education and her credits; the day the "admission office of GSEHD lied to her that she still missed 6 credits and . . . the academic integrity office director put a 'hold' on her school records," Compl. ¶ 19, thus allegedly proving the spoliation of evidence; the last day on which Professor Clark allegedly discriminated against her for her language barrier; the day that the charge of plagiarism was levied in May 2006, thus defaming her and hurting her reputation; the last day on which either Professor Clark or Mr. Terpstra misrepresented the academic or plagiarism process to her; and the day on which Professor Clark failed to conduct her duty to educate Plaintiff or GW failed to investigate the plagiarism charge appropriately. All of these days occurred between March and September 2006. Plaintiff had an alleged injury, but failed to bring a lawsuit until well after the required statutes of limitations had past. Therefore, the continuing violation doctrine is

---

[4] The Court notes that the D.C. Circuit has announced that "when a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases." *Page v. United States*, 729 F.2d 818, 821 (D.C. Cir. 1984). The Circuit also makes clear that "[t]his continuing-tort doctrine, which becomes relevant only when the tortious conduct is ongoing, is to be distinguished from the rule applicable when the plaintiff's injury continues or is manifested after the tortious conduct has ceased." *Id.*, 729 F.2d at 822, n.23. Unlike *Page*, where the tortious conduct was "gradual, resulting from the cumulative impact of years of allegedly tortious drug treatment," *id*. at 822, Plaintiff's alleged tortious claims occurred solely in 2006, with no additional violations beyond that timeframe. Plaintiff's alleged injuries may have continued, but it was never compounded by additional tortious action. Thus, there is not a viable continuing-tort doctrine here under either *Hendel*, the D.C. Court of Appeals decision, or *Page*, the D.C. Circuit decision. *See also Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 236 (D.D.C. 2007) (distinguishing itself from *Page* by finding tortious conduct was not gradual).

inapplicable here.

## IV.  CONCLUSION

All of Plaintiff's claims arise from events that happened between March and September 2006.  All of Plaintiff's claims violations have a statute of limitations of three years or less.  Plaintiff was on notice of these events in 2006 and could have brought a lawsuit within the three years.  For the reasons stated above, the Complaint clearly reveals that Plaintiff's claims are beyond the relevant statutes of limitations and must be dismissed.  A memorializing Order accompanies this Memorandum Opinion.


Date: March 2, 2011                                  /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge